IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )
                               )
     v.                        )     No.  07 CR 414
                               )
YASSER ABU ADAS and            )
AKRAM ABU ADAS,                )
                               )
            Defendants.        )

### MEMORANDUM ORDER

As counsel for the parties are aware, this Court was taken aback by their reference, during yesterday's status hearing, to the existence of some unresolved fully briefed defense motions. Little wonder, for this Court's inquiry of its minute clerk produced a printout of the Government's Consolidated Response to Defendants' Pretrial Motion [sic], which had been filed electronically on September 10 but had never been seen by this Court.[1]  This memorandum order hastens to address the issues raised by defense counsel's motions and the government's hitherto unknown response.

As to Defendants' Motion for Discovery and Disclosure, the government's response is entirely satisfactory and is approved by

---

[1] On inquiry from this Court's minute clerk, government counsel has responded that his secretary had complied with the requirement that a hard copy of all electronically filed documents be delivered to this Court's chambers.  That is puzzling, given the care that is always taken by this Court's staff with the processing of all documents received in chambers.  But in all events this Court sees no need to pursue the matter further.

this Court in all respects.  Much of the scope of that motion is mooted by the government's earlier compliance (and its promise of continued compliance if new materials come to light).  This Court's approval extends to the government's proposed timetable for pretrial disclosure of any opinion witness testimony and of any proposed Fed. R. Evid. 404(b) evidence.

Next, Defendants' Request for Notice of Government's Intent To Use Evidence appears to this Court (as it does to government counsel) to be subject to denial as moot.  This Court so orders, although if defense counsel believes that some issue still exists on that score it must be raised by a renewed motion on or before September 27.

Defendants' Motion To Dismiss Count Six and Forfeiture Allegation Two is properly characterized by the government as premature, for the viability of any challenge to a conviction for money laundering will be a function of the proof at trial measured against the then-applicable legal yardstick (which may in turn depend upon whether the Supreme Court has then ruled in the certiorari-granted case of Santos v. United States, 461 F.3d 886 (7th Cir. 2006).  For the present, the challenged Count and Forfeiture Allegation respectively state a chargeable offense and potential forfeiture, so that the motion is denied.

As to the Motion for a Bill of Particulars, defense counsel is well aware that the legal climate in this circuit is generally

2

inhospitable to such motions. But quite apart from that climate, here the particulars are appropriately fleshed out in the existing indictment and through the already-tendered discovery (see particularly Government's Response at 11-13).

Finally, the Motion for Early Return of Trial Subpoenas is unexceptionable. As this Court customarily does, it grants that motion on a reciprocal basis.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 20, 2007